UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: VIRGINIA DOTSON                                                   CASE NO. 09-11663


VIRGINIA DOTSON,                                                         PLAINTIFF

V.                                                                       ADV. PROC. NO.09-01079-DWH

BAC HOME LOANS SERVICING, LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP                                                            DEFENDANT


OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, (BAC"); a response to said motion having been filed by the plaintiff, Virginia Dotson, ("debtor"); and the court, having heard and considered same, hereby finds as follows to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core adversary proceeding as defined in 28 U.S.C. § 157(b)(2)(A)(B), and (O).

II.

On November 27, 1985, the debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. She filed the subject complaint against BAC on May 14, 2009.

The debtor executed a promissory note and a deed of trust to purchase her residence on November 27, 1985. The original beneficiary in the deed of trust was Countrywide Funding

Corporation, now known as Countrywide Home Loans, Inc. Countrywide Home Loans, Inc., assigned the deed of trust to Wells Fargo Bank, N.A. as trustee. Defendant, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP, services the loan for Wells Fargo Bank, N.A.

On June 5, 2006, the debtor executed a Loan Modification Agreement following the death of her husband, Eddie Dotson. The principle balance at that time was $37,287.67. The monthly payments increased from $387.99 to $484.43.

Following the debtor's Chapter 13 bankruptcy filing, BAC filed a proof of claim on May 6, 2009, and then an amended proof of claim on May 11, 2009, to correct a typographical error. The proof of claim listed an unpaid principal balance of $34,676.81, plus arrearages totaling $10,906.57. These arrearages included past due payments, an escrow shortage, and attorney fees.

The debtor's Chapter 13 plan was confirmed on September 1, 2009. The Trustee filed a Motion to Allow Claims, and a court order was entered on September 4, 2009, which included BAC's claim.

The debtor filed this adversary proceeding against BAC alleging breach of contract as a result of BAC's charging unauthorized fees in violation of § 506 of the Bankruptcy Code and Rule 2016, Federal Rules of Bankruptcy Procedure. The debtor has also objected to BAC's proof of claim, as well as, asserted a violation of the automatic stay. BAC has responded by filing this motion for summary judgment asserting that it is entitled to a judgment as a matter of law.

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct.2548, 91 L.Ed.2d 265 (1986); Leonard v. Dixie Well Service & Supply Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. Kunin v. Feofanov, 69 F.3d 59, 61 (5th Cir. 1995); Black v. J.I. Case Co., 22 F.3d 568, 572 (5th Cir. 1994); Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

This court is of the opinion that this adversary proceeding has numerous material factual issues remaining in dispute. The debtor's payment history and the methodology employed by BAC in the application of the debtor's payments must be developed through an evidentiary hearing. As a result of the aforesaid factual disputes, the court concludes that BAC's motion for summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the 18th day of May, 2010.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE